# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

ELIZABETH HILL,

    Plaintiff,

vs.

PHILLIPS 66 COMPANY,

    Defendants.

Case No.14-CV-102-JED-FHM

## OPINION AND ORDER

Plaintiff's Motion for Sanctions Against Defendant for Spoliation of Evidence, [Dkt. 35], is before the undersigned United States Magistrate Judge. The matter has been fully briefed and is ripe for decision. Plaintiff seeks sanctions against Defendant, including entry of default judgment, an adverse jury instruction, or an order barring presentation of defenses. Plaintiff further seeks an order requiring Defendant's payment of the costs of this motion and the expenses of further discovery.

The parties' papers show that Plaintiff was formerly employed by Defendant and during the course of her employment, Plaintiff made complaints about sexual harassment, retaliation, and the existence of a hostile work environment. Defendant's internal investigator, Tameka Ramsey, investigated Plaintiff's complaints and issued an Ethics Investigation Summary dated September 11, 2013, which contained a summary of Plaintiff's allegations, a description of the investigation undertaken, key investigative findings, a conclusion, and attached exhibits. [Dkt. 35, pp. 16-28]. During Ms. Ramsey's deposition, she testified that once the report was prepared, her interview notes were shredded. Plaintiff argues that the shredding of interview notes constitutes destruction of

evidence done in bad faith for which sanctions are appropriate to overcome the prejudice to her in the ability to prosecute this action.

"[S]poliation sanctions are proper when (1) a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent, and (2) the adverse party was prejudiced by the destruction of the evidence." *Turner v. Public Service Company of Colorado*, 563 F.3d 1136, 1149 (10th Cir. 2009). The court finds that Plaintiff has wholly failed to show the necessity of any sanction. Only the investigator's interview notes were destroyed, and those notes were incorporated into the Ethics Investigation Summary. There has been no showing that the witnesses are not available to testify about the alleged harassment and retaliation. To the extent that the investigation itself is germane to the lawsuit, Plaintiff is not prevented from questioning the witnesses about their interviews. The court concludes that Plaintiff has completely failed to show any prejudice from the destruction of the notes or that the destruction afforded Defendant any advantage.

Although Plaintiff claims that the destroyed interview notes are "vital to the accuracy and credibility of Defendant's Ethics Investigation Summary," [Dkt. 35, p. 7], the accuracy and credibility of the Ethics Investigation Summary is not central to any matter at issue in this lawsuit. It is Plaintiff's complaint of discrimination, rather than Defendant's investigation into her complaint or the Ethics Investigation Summary, that is the subject of this suit. Whatever actions occurred in the workplace with regard to Plaintiff, those actions occurred independent of whether an investigation was made, regardless of the content of Ms. Ramsey's interview notes, and regardless of whether those notes were preserved. The investigation conducted by Ms. Ramsey has no potential to affect the identity or availability

2

of any witness or the availability of any information pertaining to Plaintiff's allegations.[1] In addition, the people involved in the activities that form the basis of Plaintiff's claims should be known to Plaintiff whether or not an investigation occurred. Plaintiff has not demonstrated otherwise. Furthermore, to the extent that an argument can be made that Ms. Ramsey's investigation is, or may be, relevant to some aspect of this action, the interview notes were incorporated into the Ethics Investigation Summary. The court concludes that Plaintiff has suffered no actual prejudice and there is no potential for Plaintiff to have suffered any prejudice to her ability to conduct discovery or prove her case from the destruction of the interview notes.

The court rejects Plaintiff's assertion that the duty to preserve the interview notes is established by regulations, 29 C.F.R. § 1602.14 and an Oklahoma statute, 67 Okla. Stat. §251. The court is not persuaded that the interview notes qualify as "personnel or employment records" under § 1602.14.[2] To the extent that an argument can be made that

---

[1] In her Reply Brief, Plaintiff argues the interview notes could have provided: a more complete picture of what transpired during the investigation into her complaints; information as to the types of questions that were asked and the focus on particular complaints of Mrs. Hill's; essential information because the interviews took place at a time when events were fresher in the memories of the employees; the interview notes would have demonstrated the thoroughness of the investigation and the accuracy of the Ethics Investigation Summary; and would have been useful in refreshing Ms. Ramsey's recollection of the interviews. [Dkt. 52, pp. 9-10]. Notably, none of these factors relate to proof of Plaintiff's claims. These factors relate only to the investigation of those claims. In so far as Defendant's investigation of Plaintiff's claims may be relevant, from Ms. Ramsey's deposition testimony, it appears that the entire record of the investigation is contained in the Ethics Investigation Summary. Accordingly, any question of the thoroughness and accuracy of the investigation can be established by reference to the Ethics Investigation Summary and by deposing the witnesses listed thereon.

[2] 29 C.F.R. § 1602.14 lists examples of the type of records that must be preserved: requests for reasonable accommodation; application forms submitted by applicants and other records having to do with hiring, promotion, demotion, transfer, lay-off or termination; rates of pay or other terms of compensation; selection for training or apprenticeship; personnel or employment records relating to the aggrieved person and to all other employees holding positions similar to that held or sought by the aggrieved person; and application forms or test papers completed by an unsuccessful applicant and by all other candidates for the same position as that for which the aggrieved person applied and was rejected. Interview notes made in the course of an investigation of a complaint before the instigation of any litigation are not records of the nature contemplated

Defendant had a duty under §1602.14, the court finds that duty was satisfied by preservation of the Ethics Investigation Summary Ms Ramsey made from her interview notes. Similarly, the court finds that Defendant had no duty to preserve the interview notes under the Oklahoma Uniform Preservation of Private Business Records Act, 67 Okla. Stat. §252. The interview notes are not documents contemplated by the Act. Likewise the court finds that any duty with regard to §252 was satisfied by preservation of the Ethics Investigation Summary.

Based on the foregoing, Plaintiff's Motion for Sanctions Against Defendant for Spoliation of Evidence, [Dkt. 35], is DENIED.

SO ORDERED this 17th day of April, 2015.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

---

by §1602.14.